UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAMZA MALDONADO,

        Plaintiff,

v.

                              Case No. 3:20-cv-958-J-34JBT

NASSAU COUNTY SHERIFF'S
OFFICE, et al.,

        Defendants.

## ORDER

Plaintiff Hamza Maldonado, a federal inmate who is housed at the Federal Correctional Institution in Tallahassee, Florida, initiated this action on June 9, 2020, by filing a Complaint in the Fourth Judicial Circuit Court in and for Nassau County, Florida. See Doc. 1-2 at 1, case no. 45-2020-CA-000162, Docket. In the Complaint (Doc. 3), Maldonado names the following Defendants: (1) Nassau County Sheriff's Office; (2) Jail and Detention Center; (3) Director Osborne; (4) Captain Deluca; and (5) Deputy Waters. Defendant Waters removed the case to this Court on August 26, 2020, see Notice of Removal (Doc. 1), and Defendants Nassau County Sheriff's Office, Jail and Detention Center, and Captain Deluca filed a consent to removal on September 2, 2020, see Notice of Consent to Removal (Doc. 5).[1] In the Complaint, Maldonado asserts that Defendants

---

[1] Plaintiff has not served Defendant Osborne with the summons and a copy of the Complaint. See Response in Opposition to Plaintiff's Motion to Remand (Doc. 12) at 2; Motion to Dismiss (Doc. 6) at 1 n.1; https://nassauclerk.com/records-search, case no. 45-2020-CA-000162 (last visited September 30, 2020).

violated his federal constitutional rights when they interfered with his mail in May 2020 and unjustly issued a disciplinary report while he was housed at the Nassau County Jail.

Before the Court is Maldonado's Motion to Remand This Case Back to State Court Jurisdiction under 28 U.S.C. § 1447(c); Notice of Removal Not Properly Filed; Motion before the Court is Timely under Section 1446(b)(2)(A) (Motion to Remand; Doc. 9), filed on September 8, 2020. In his Motion to Remand, Maldonado asks that the Court remand this case to state court under 28 U.S.C. § 1447(c). Defendants oppose Maldonado's request. See Response in Opposition to Plaintiff's Motion to Remand (Response; Doc. 12), filed on September 29, 2020. In the Response, they maintain that "[a]ll Defendants who have been properly served timely joined in the removal of this action, thus fulfilling the requirements of 28 U.S.C. [§] 1446(b)(2)(A)." Id. at 2.

Section 1441(a) authorizes a defendant to seek removal of a lawsuit originally brought in state court when the federal court has jurisdiction over the cause of action. See 28 U.S.C. § 1441(a). Section 1446 describes the appropriate removal procedure, and requires the defendant seeking removal to file in the appropriate federal district court a timely notice of removal stating the grounds for removal. See 28 U.S.C. § 1446(a). In order to be timely, a defendant must file the notice of removal within thirty days after the receipt by the defendant (through service or otherwise) of a copy of the initial pleading setting forth the claim(s) for relief upon which the action is based. See 28 U.S.C. § 1446(b). When a civil action is removed under § 1441(a), all properly joined and served defendants must consent to the removal of the action. See 28 U.S.C. § 1446(b)(2)(A); Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008) ("The unanimity rule requires that all defendants consent to and join a notice of removal in order

for it to be effective.") (citation omitted). In cases with multiple defendants who were served on different dates, the thirty-day period to petition for removal or consent to removal runs from the date on which the last defendant was served. Bailey, 536 F.3d at 1205. Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Notably, removal statutes are to be strictly construed, and "uncertainties as to removal jurisdiction are to be resolved in favor of remand." Bailey, 536 F.3d at 1207 (quoting Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001)).

      Maldonado's Complaint, filed in state court on June 9, 2020, was served on Defendant Waters on August 7, 2020, see Notice of Removal (Doc. 1), filed August 26, 2020; State-court Docket (Doc. 1-2 at 1), and on Defendants Nassau County Sheriff's Office, Jail and Detention Center, and Captain Deluca on August 26, 2020, see Notice of Consent to Removal (Doc. 5), filed September 2, 2020. Defendant Waters filed a Notice of Removal on August 26, 2020, and Defendants Nassau County Sheriff's Office, Jail and Detention Center, and Captain Deluca filed a Notice of Consent to Removal on September 2, 2020, well within the required thirty-day period. Because Maldonado is not entitled to the relief he seeks under § 1447(c), his Motion to Remand (Doc. 9) is due to be denied.

In consideration of the foregoing, it is now

**ORDERED:**

Plaintiff's Motion to Remand (Doc. 9) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of September, 2020.

MARCIA MORALES HOWARD
United States District Judge

sc 9/30
c:
Hamza Maldonado
Counsel of Record